

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Compton White
County Auditor
Freestone County
Fairfield, Texas

Dear Sir:

Opinion No. 0-6666
Re: Under the provisions of
Senate Bill No. 123, Regu-
lar Session, 49th Leg., can
the Commissioners' Court of
Freestone County increase a
part of the officials'
salaries and leave some as
they are under the old salary
law?

Your request for an opinion on the above question
reads as follows:

"Under the General Salary Law enacted by
the recent session of the Legislature of Texas
which—permits County Commissioners Courts to
increase the salaries of county officials,
precinct officers and deputies to county
officials, Can the Commissioners' Court in-
crease a part of the officials salaries and
leave some as they are under the old salary
law? For instance, could the Court raise
the salaries of county commissioners and not
change the salaries of other officials?"

Senate Bill No. 123, which was passed by the
recent session of the Legislature and which governs the
increasing of the salaries of the officers, deputies,
assistants and clerks therein named, provides in part as
follows:

"Section 1. That Article 3891, Revised Civil
Statutes of Texas, 1925, as amended, be and the
same is hereby amended by adding thereto the
following:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Compton White,   page 2

"'(a)   The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 2.   That Article 3902, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'9,   The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the deputies, assistants and clerks of any district, county or precinct officer justify the increase, to enter an order increasing the compensation of such deputy, assistant or clerk in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 3.   That Section 13 of Article 3912e, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'(e)   The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 4.   That Section 15 of Article 3912e,
Revised Civil Statutes of Texas, 1925, as amended,
be and the   same is hereby amended by adding
thereto the following:

"'(b)   The Commissioners Court is hereby
authorized, when in their judgment the financial
condition of the county and the needs of the
officers justify the increase, to enter an order
increasing the compensation of the precinct,
county and district officers in an additional
amount not to exceed twenty-five (25%) per cent
of the sum allowed under the law for the fiscal
year of 1944, provided the total compensation
authorized under the law for the fiscal year of
1944 did not exceed the sum of Thirty-six Hundred
($3600.00) Dollars.'"

While the above law authorizes the Commissioners'
Court to grant increases in salaries to the various officers,
deputies, assistants and clerks therein named according to
the provisions thereof, it is our opinion that it is within
the discretion of the Commissioners' Court as to whether any
or all of such officers, deputies, assistants and clerks shall
be granted such increases in their salaries.  This does not
apply, however, to the salaries of County Commissioners.  It
has been held by this department in Opinions Nos. O-6575 and
O-6588, copies of which are enclosed herewith for your in-
formation, that the salaries of County Commissioners are
fixed and controlled by different statutes.

House Bill No. 84, which was also passed by the
recent session of the Legislature, amends Article 2350 of the
Revised Civil Statutes of the State of Texas, 1925, so that
same now reads in part as follows:

"Section 1.   That Article 2350, Title 44 of
the Revised Civil Statutes of the State of Texas,
1925, as amended by Acts of the Thirty-ninth
Legislature, Regular Session, Chapter 135, Section
1; and as amended by Acts of the Fortieth Legis-
lature, page 435, Chapter 290, Section 1; and as
amended by Acts of the Fortieth Legislature, First
Called Session, page 138, Chapter 46, Section 1;
and as amended by Acts of the Forty-third Legis-
lature, Regular Session, Chapter 216; and as

Honorable Compton White,   page 4

amended by Acts of the Forty-third Legislature,
First Called Session, Chapter 83, page 220; and
as amended by Acts, Forty-fourth Legislature,
Regular Session, Chapter 362; be and the same is
hereby amended so as to hereafter read as follows:

"'Article 2350. In counties having the fol-
lowing assessed valuations, respectively, as shown
by the total assessed valuations of all properties
certified by the county assessor and approved by
the Commissioners Court, for county purposes, for
the previous year, from time to time, the County
Commissioners of such counties shall each receive
annual salaries not to exceed the amounts herein
specified, said salaries to be paid in equal
monthly installments, at least one-half (1/2), and
not exceeding three-fourths (3/4), out of the Road
and Bridge Fund, and the remainder out of the General
Fund of the county; said assessed valuations and sal-
aries applicable thereto being as follows:

| Assessed Valuations | Salaries to be paid each Commissioner |
|---|---|
| Not to exceed $3,500,000.00, as provided at end of this Section. | |
| $ 3,500,001 and less than 6,000,000 not to exceed | $ 1,500.00 |
| $ 6,000,001 and less than 9,000,000 not to exceed | $ 1,800.00 |
| 9,000,001 and less than 10,000,000 not to exceed | 2,000.00 |
| 10,000,001 and less than 12,000,000 not to exceed | 2,200.00 |
| 12,000,001 and less than 20,000,000 not to exceed | 2,500.00 |
| 20,000,001 and less than 30,000,000 not to exceed | 3,000.00 |
| 30,000,001 and less than 75,000,000 not to exceed | 3,600.00 |

Honorable Compton White, page 5

| | |
|---|---|
| $75,000,001 and less than 120,000,000 not to exceed | $ 4,000.00 |
| $120,000,001 and less than 140,000,000 not to exceed | 4,300.00 |
| $140,000,001 and less than 400,000,000 not to exceed | 5,500.00 |
| $400,000,001 and over not to exceed | $ 6,000.00 |

"'In counties having assessed valuation of less than Three Million, Five Hundred Thousand Dollars ($3,500,000) each Commissioner shall receive Five Dollars ($5) per day for each day served as Commissioner, and a like amount when acting as ex-officio road superintendent in his Commissioner's precinct, providing in no event shall his total compensation exceed Twelve Hundred Dollars ($1200) in any one year. Provided, further, however, that in counties having National Forest Preserves and with less than Four Million, Five Hundred Thousand Dollars ($4,500,000) valuation that the salaries of said Commissioners shall not exceed Eighteen Hundred Dollars ($1800) per year.'"

Under the above provisions, salaries of County Commissioners may be increased, in the discretion of the Commissioners' Court, to an amount not to exceed the maximums therein named. For your further information in connection with fixing the salaries of County Commissioners under this amended law, we hand you herewith copy of our Opinion No. 0-6622, which deals with said matter.

Your attention is directed to the further fact that, in our opinion, any of the increases in salaries above referred to would be subject to the budget law, (Art.689a-9--689a-11, V. A. C. S.) and that in order for increases of such salaries, or any of them, to be made thereunder, the county budget would have to be amended in accordance with said budget law, as set forth in our Opinions Nos. 0-5184 and 0-5053-A, copies of which are enclosed herewith.

Honorable Compton White,    page 6


        We trust that this satisfactorily answers your
inquiry.

                        Yours very truly,

                    ATTORNEY GENERAL OF TEXAS

JWB:LJ                   By *Jas. W. Bassett*
encls.                          Jas. W. Bassett
                                    Assistant

                    APPROVED JUN 25 1945

                    FIRST ASSISTANT
                    ATTORNEY GENERAL

APPROVED
COMMITTEE
BY *BWB*
CHAIRMAN